UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
TED DIMOND, and others similarly situated,

        Plaintiffs,

        - against -

DARDEN RESTAURANTS, INC. D/B/A OLIVE
GARDEN @ 2 TIMES SQUARE & RED LOBSTER
@ 5 TIMES SQUARE, RUBY TUESDAY, INC. &
RUBY TUESDAY @ 585 7TH AVE., MARRIOTT
INTERNATIONAL, INC., DINEEQUITY, INC.,
APPLEBEE'S INTERNATIONAL, INC. &
APPLEBEE'S @ 205 W. 50TH, HILTON
WORLDWIDE, INC. & NEW YORK MIDTOWN
HILTON, HOST HOTELS & RESORTS, INC.,
STARWOOD HOTELS AND RESORTS, INC. & W
HOTEL RESTAURANTS, TGIFRIDAY'S, PER SE,
MASA, TAO GROUP D/B/A LAVO & TAO,
PLANET HOLLYWOOD, INC., AND DOE
CORPORATIONS 1 – 2,000,

        Defendants.
------------------------------------------------------------ x

13 CV 5244

13-CV-____(___)

**NOTICE OF REMOVAL**

JUDGE FAILLA



RECEIVED JUL 26 2013 U.S.D.C. S.D.N.Y. CASHIERS

    PLEASE TAKE NOTICE that defendant DineEquity, Inc. ("DineEquity"), by and through its attorneys, McDermott Will & Emery LLP, removes the above-captioned civil action titled *Ted Dimond, and others similarly situated v. Darden Restaurants, Inc., et. al*, Index No. 155879/2013, now pending in the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453. As grounds for removal, DineEquity states as follows:

**Factual Background**

1.     On or about June 27, 2013, Plaintiff Ted Dimond ("Plaintiff") commenced this action in the Supreme Court of the State of New York, County of New York, by filing a class action

complaint (the "Complaint") naming DineEquity, among others, as a defendant. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit ("Ex.") A.

2. On or about July 16, 2013, Plaintiff filed an amended class action complaint (the "Amended Complaint") adding additional defendants, claims, and allegations. A true and correct copy of the Summons and Amended Complaint, with exhibits, is attached hereto as Ex. B. Together, Exs. A & B constitute the entire record in state court thus far. *See* 28 U.S.C. § 1446(a).

3. In summary, Plaintiff alleges that DineEquity and the other Defendants in the suit automatically charge gratuities or service charges at restaurants in New York City, which Plaintiff alleges gives rise to statutory and common law causes of action under New York law for (1) violations of the Rules of the City of New York, Title 6, § 5-59; (2) violations of the New York City Consumer Protection Law, N.Y. City Admin. Code § 20-700; (3) violations of the New York State Deceptive Trade Practice Laws, N.Y. Gen. Bus. Law § 349; (4) additional violations of N.Y. Gen Bus. Law § 349; (5) False Advertising in violation of N.Y. Gen. Bus. Law § 350; (6) Negligence; (7) Unjust Enrichment; (8) Breach of Contract; (9) Fraud; (10) violations of the Donnelly Act, N.Y. Gen. Bus. Law §§ 340-347; and (11) Prima Facie Tort. *See Generally*, Ex. B, Amd. Compl.

4. Plaintiff seeks to pursue this action on behalf of himself, and "on behalf of all similarly situated individuals who, at any time, were consumers in the City of New York since June 27, 2007, and were charged an automatic gratuity or tip of any amount/percentage for on-premises consumption of food or beverages, were subjected to a service charge in excess of 15% or for a

party of less than 8 people [sic], or were deceived into leaving a double-tip or over-tip as patrons of Defendants' restaurants." *Id.* at p. 9, ¶ 38.[1]

5. Although DineEquity disputes this action is a proper class action and disputes any liability or amount owing to the named plaintiff or the alleged class, the appended record demonstrates that this action is removable under 28 U.S.C. § 1332(d) because there is diversity of citizenship between at least one member of the alleged class of plaintiffs and Defendants; there purports to be at least 100 members of the putative class; and the amount in controversy exceeds $5,000,000.

## The Basis of Federal Jurisdiction

6. This Court has subject matter jurisdiction over this class action pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. §§ 1332(d), 1453. CAFA provides federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (*i.e.*, minimal diversity exists); (2) the putative class consists of more than 100 members; and (3) the amount in controversy exceeds $5 million, aggregating all claims and exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2).

**A.   Minimal Diversity is Satisfied.**

7. Plaintiff is a citizen of the state of New York. Ex. B, Amd. Compl. at p. 8, ¶ 35.

8. DineEquity is incorporated under the laws of Delaware, and has its principal place of business in California. Declaration of Robert Dickson ¶¶ 2-3, attached hereto as Ex. C. Accordingly, DineEquity is a citizen of Delaware and California, not New York. *See* 28 U.S.C. § 1332(c)(1).

---

[1] Plaintiff's Amended Complaint contains a paragraph numbering discrepancy where, starting on page 11, the Amended Complaint inexplicably reuses paragraph numbers 24-44. Accordingly, citations to any of these paragraph numbers in accompanied by the corresponding page number.

9. DineEquity's citizenship alone, therefore, satisfies CAFA's minimal diversity requirement. 28 U.S.C. § 1332(d)(2)(A).

10. Moreover, CAFA provides that minimal diversity is satisfied if "any member of a class of plaintiffs is . . . a citizen or subject of a foreign state and any defendant is a citizen of a State." 28 U.S.C. § 1332(d)(2)(B).

11. Plaintiff alleges that the Class will include "international patrons." Ex. B, Amd. Compl. at p. 8, ¶ 36. Given these allegations, Plaintiffs' class will include at least one foreign citizen, further satisfying CAFA's minimal diversity requirement.[2]

**B.     The Putative Class Exceeds 100 Members.**

12. Plaintiff alleges that the class "consists of millions of consumers." Ex. B, Amd. Compl. at p. 13 ¶ 43. Accordingly, on its face, the Amended Complaint satisfies CAFA's requirement that the putative class exceed 100 members.

**C.     The Amount in Controversy Exceeds $5 Million.**

13. "Although the party invoking federal jurisdiction must show by a 'reasonable probability' that the amount-in-controversy requirement is satisfied, [the Second Circuit] recognize[s] a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Colavito v. N. Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (internal quotations and citations omitted).

14. Here, the Amended Complaint seeks "compensatory damages in the amount of $500 million," and "punitive damages in the amount of $5 billion." Ex. B, Amd. Compl. at p. 7, ¶ 31 and ¶¶ 53, 91, 110, 129, & 130(F). Accordingly, the Amended Complaint on its face satisfies the amount in controversy requirement.

---

[2] The party invoking federal jurisdiction need only establish the elements of jurisdiction "to a reasonable probability." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 59 (2d Cir. 2006).

## Compliance with the Removal Statute

15. DineEquity properly filed this Notice of Removal in the United States District Court for the Southern District of New York because the Supreme Court of the State of New York, County of New York resides within the Southern District of New York. 28 U.S.C. § 1441(a).

16. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Plaintiff has yet to serve DineEquity with either the Original Complaint or the Amended Complaint. Moreover, DineEquity filed this notice of removal within (30) days of the date when Plaintiff filed its Original Complaint on June 27, 2013.

17. Under CAFA, any defendant may remove a class action without the consent of the other defendants. 28 U.S.C. § 1453(b). Accordingly, this action is properly removed upon DineEquity filing this Notice of Removal.

18. Pursuant to 28 U.S.C. § 1446(a), DineEquity must submit with this Notice a copy of all process, pleadings, and orders served upon Defendants in the state court action. As noted above, Plaintiff has not served anything upon DineEquity. However, DineEquity has attached the Summons, the Original Complaint and the Amended Complaint, with exhibits, at Exs. A & B, which constitute the totality of the record in the state court action.

19. Pursuant to 28 U.S.C. § 1446(d), DineEquity is contemporaneously serving a copy of this Notice of Removal upon counsel for Plaintiff, and filing a copy of the Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York.

## Conclusion

DineEquity respectfully requests that this action now pending in the Supreme Court of the State of New York, County of New York be removed to this District Court.

-6-

| | |
|---|---|
| Dated: New York, New York<br>July 26, 2013 | Respectfully submitted,<br><br>**MCDERMOTT WILL & EMERY LLP**<br><br>By: /s/ Ashley King<br>Ashley N. King<br>340 Madison Avenue<br>New York, New York  10173-1922<br>Tel:  (212) 547-5400<br>Fax:  (212) 547-5444<br><br>*Attorneys for Defendant*<br>DineEquity, Inc. |

DM_US 10715151-1.064050.0011