# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

Ted Dimond, and Others Similarly Situated,

                      Plaintiffs,

        - versus -

Darden Restaurants, Inc., Olive Garden @ 2 Times Square, Red Lobster @ 5 Times Square, Ruby Tuesday, Inc., Ruby Tuesday @ 585 7th Ave., Marriot International, Inc., Marriot Marquis Hotel @ 1535 Broadway, Dine Equity, Inc., Applebee's International, Inc., Applebee's @ 205 W. 50th, and Doe Corporations 1 ó 1,000,

                      Defendants.

Index No.

**SUMMONS**

Date Index No. Purchased:

To the above named Defendants:

    You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    Darden Restaurants, Inc. (Orange County, Florida), Olive Garden @ 2 Times Square, NY, NY, Red Lobster @ 5 Times Square, NY, NY, Ruby Tuesday, Inc. (Maryville, Tennessee), Ruby Tuesday @ 585 7th Ave., NY, NY, Marriot International Inc. (Bethesda, Maryland), Marriot Marquis Hotel @ 1535 Broadway, Dine Equity, Inc. (Glendale, California), Applebee's International, Inc. (Kansas City, Missouri), Applebee's @ 205 W. 50th, and Doe Corporations 1 ó 1,000,

Dated: June 27, 2013 - New York, New York

Evan Spencer Attorney at Law
305 Broadway, 14th Floor
New York, NY   10007
Tel. 347.931.1814
EvanSpencerEsq@aol.com
By Evan Spencer

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| Ted Dimond, and Others Similarly Situated,<br><br>               Plaintiffs,<br><br>   - versus -<br><br>Darden Restaurants, Inc., Olive Garden @ 2 Times Square, Red Lobster @ 5 Times Square, Ruby Tuesday, Inc., Ruby Tuesday @ 585 7th Ave., Marriot International, Inc., Marriot Marquis Hotel @ 1535 Broadway, Dine Equity, Inc., Applebee's International, Inc., Applebee's @ 205 W. 50th, and Doe Corporations 1 ó 1,000,<br><br>               Defendants. | Index No.<br><br><br>**COMPLAINT**<br><br><br><br>**JURY TRIAL DEMAND** |

*THIS COMPLAINT IS COPYRIGHTED WITH THE U.S. OFFICE OF COPYRIGHTS AND MAY ONLY BE COPIED FOR NEWSWORTHY PURPOSES*

### CLASS ACTION COMPLAINT

Plaintiff Ted Dimond, by his undersigned attorney, brings this Class Action complaint against Defendants.  Plaintiff's allegations are based upon knowledge as to his own acts and upon information and belief as to all other matters.  Plaintiff's information and belief are based upon, among other things, a comprehensive investigation undertaken by himself and his attorney, which included without limitation: (a) investigation of Defendants' illegal business practices; (b) review of complaints filed against Defendants by different individuals and entities; (c) review of investigative journalism performed with regard to these practices; and (d) receipt of complaints against Defendants for their illegal business practices.  Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

2

## NATURE OF THE ACTION

1.      This is a Class Action by consumers in the five boroughs of the City of New York from June 2007 to present (and continuing), who were charged an illegal automatic gratuity while consuming food and/or beverages in a New York City restaurants in parties of 7 or less or charged automated gratuities in excess of 15% for parties of any size.

2.      Merriam-Webster.com defines gratuity as, "something given in addition to what is ordinarily expected or owed," and Word.com defines gratuities as, "something given voluntarily or beyond obligation usually for some service."

3.      In 2004, when a Long Island man was arrested for theft of services for refusing to pay a required 18% automatic gratuity at a restaurant in Warren County, New York (he tipped 10% because he claimed the food and service were poor), the District Attorney Kathleen Hogan dismissed the charges, stating, "a tip or gratuity is discretionary, and that's what the courts have found."

4.      The Consumer Protection Law (CPL) enacted by the New York City Council in 1969 states that, "a seller serving food or beverages for consumption on the premises many not add surcharges to listed prices." [Rules of the City of New York, Title 6, Section 5-59]

5.      The law provides an exception for "groups of eight or more."

6.      Despite the aforementioned law and the very definition of gratuity, in 2005, the restaurant Per Se publicly announced that it would begin charging an automatic 20% gratuity on all checks.

7.      Other restaurants including Defendants adopted the same illegal policy thereafter.

8.      In 2009, the New York Post reported that it had discovered a dozen businesses engaging in this illegal conduct and that there were 30 fines levied against offending establishments from 2005 – 2009.

9.     In response to a 2009 inquiry on this matter, New York Consumer Affairs Commissioner Jonathan Mintz publicly stated that, "charging mandatory gratuities for parties of less than 8 people is illegal. Consumers should call 311 to report these illegal activities."

10.    The New York City Consumer Affairs Department stated during this inquiry that the legal interpretation of the law is that restaurants may only charge an automatic gratuity for parties of 8 or more, and in such cases the gratuity shall not exceed 15%.

11.    Defendants also engaged in deceptive trade practices designed to induce double-tipping, by including automatic gratuities with checks that request an additional tip or gratuity, causing consumers to leave double-tips in the range of 30% - 40% accidentally.

12.    Unfair acts and deceptive practices carried out in the course of business or trade are prohibited in New York State under Section 349 of the General Business Law.  Consumers may recover actual damages or $50.00 whichever is greater plus attorney's fees and treble damages up to $1,000 for willful violations.

13.    Defendants' acts also constitute Violations of the Donnelly Act, Negligence, Breach of Contract, and resulted in Unjust Enrichment.

14.    For those Defendants who were aware of the illegality of this conduct, their actions may constitute common law Fraud as well, which would span a 6 year statute of limitations.

15.    Plaintiff and the Class has suffered actual damages totaling millions of dollars while receiving inferior services and products for their money as automated gratuities remove the incentive for servers and staff to perform their best.

16.    Plaintiff, on his own behalf and as a representative of the Class, seeks to recover statutory damages, compensatory damages, treble damages, punitive damages, equitable relief, as well as interest, costs, and attorney's fees under New York City CPL and New York State Deceptive

4

Practices laws, the Donnelly Act, as well as common law causes of action for Negligence, Breach of Contract, Unjust Enrichment, and Fraud, as a result of Defendants' wrongful, deceptive, tortious, and otherwise wrongful and illegal business practices affecting consumers in the five boroughs of New York City.

## JURISDICTION AND VENUE

17.     This Court has subject-matter jurisdiction over this class action pursuant to the CPLR Section 901 and 902.

18.     This Court has personal jurisdiction over the parties because Plaintiff submits to the jurisdiction of this Court and resides in this County, and Defendants are located in and doing business in the City and County of New York.

19.     Venue is proper in New York State Supreme Court because damages are in excess of $25,000 and under the Class Action Fairness Act of 2005 (õCAFAö), whereas here, at least two-thirds of the proposed class consist of in-state residents, jurisdiction and venue in State Supreme Court is proper.

## PARTIES

20.     Plaintiff Ted Dimond is a resident of the City and County of New York, and at all times relevant hereto, a consumer of food and beverages at Defendants' restaurants.

21.     Defendants are New York City restaurants and their parent corporations, charging illegal automatic gratuities, including but not limited to: Darden Restaurants, Inc., Olive Garden @ 2 Times Square, Red Lobster @ 5 Times Square, Ruby Tuesday, Inc., Ruby Tuesday @ 585 7th Ave., Marriot International Inc., Marriot Marquis Hotel @ 1535 Broadway, Dine Equity, Inc., Applebee's International, Inc., Applebee's @ 205 W. 50th, and Doe Corporations 1 ó 1,000.

## CLASS ACTION ALLEGATIONS

22.    Plaintiff brings this Class Action on his own behalf and on behalf of all similarly situated individuals who, at any time, were consumers in the City of New York since June 2007, and were automatically charged a gratuity for on-premises consumption of food or beverages in a party of 7 or less or charged an automatic gratuity of greater than 15% for parties of any size, as patrons of Defendants' restaurants.

23.    This action is properly maintainable as a class action.

24.    The Class is so numerous that joinder of all members is impracticable.

25.    The number and identities of class members can be determined from the records maintained by Defendants, Plaintiff and the Class, including credit/debit card receipts, bills, checks, and similar records and reports.

26.    The disposition of their claims in a Class Action will be of benefit to the parties and to the Court.

27.    A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, and no unusual difficulties are likely to be encountered in the management of this action as a Class Action.   The likelihood of individual Class members prosecuting separate claims is remote.

28.    There is a well-defined community of interest in the questions of law and fact involved affecting members of the Class.   Among the questions of law and fact which are common to the Class, and which predominate over questions affecting any individual Class member are the following:

(a) Whether Defendants violated Section 6 Title 5-59 of the Rules of the City of New York by charging consumers automatic gratuities to Plaintiff and the Class.

(b) Whether Defendants violated Section 349 of the General Business Law of the State of New York by automatically charging gratuities to Plaintiff and the Class.

(c)  Whether Defendants were Negligent in charging automatic gratuities to Plaintiff and the Class.

(d)  Whether Defendants acts resulted in Unjust Enrichment to Defendants at the expense of Plaintiff and the Class.

(e)  Whether Defendants committed Common Law Fraud by knowingly charging illegal automatic gratuities to Plaintiff and the Class.

(f)  Whether Defendants acts were willful entitling Plaintiffs and the Class to treble or punitive damages.

(g)  Whether Plaintiff and the Class are entitled to injunctive relief enjoining Defendants and all establishments in New York City from charging automatic gratuities to parties of 7 or less and gratuities of greater than 15%.

(h)  Whether Defendants violated the Donnelly Act.

24.    Plaintiff is a member of the Class and is committed to prosecuting this action.

25.    Plaintiff's claims are typical of the claims of the other members of the Class.

26.    Plaintiff does not have interests antagonistic to or in conflict with those he seeks to represent. Plaintiff is therefore, an adequate representative of the Class.

27.    The likelihood of individual Class members prosecuting separate individual actions is remote due to the relatively small loss suffered by each Class member as compared to the burden and expense of prosecuting litigation of this nature and magnitude.

28.    Absent a Class Action, Defendants are likely to avoid liability for their wrongdoing, and the Class members are unlikely to obtain redress for the wrongs alleged herein.

29.     Adjudication of this case on a class-wide basis is manageable by this Court. The illegal acts committed by Defendants are nearly identical and are all recorded electronically and/or manually. All illegal acts were committed in the City of New York. This Court is therefore the appropriate forum for this dispute.

## FACTUAL ALLEGATIONS

30.     Plaintiff Ted Dimond has lived in the City and County of New York since at least June 2007, the day Plaintiff's Class period began.

31.     When Plaintiff purchased and consumed food and beverages at Defendants' establishments during the class period he was charged illegal automatic gratuities on at least one occasion by numerous Defendants.

32.     Plaintiff has also been damaged by the price fixing engaged in by all Defendants as this has jointly raised the prices of dining in restaurants while simultaneously lowering the quality of products and services.

33.     Upon finding that these business practices were illegal, Plaintiff obtained counsel to investigate and file this action to stop these practices from occurring in the future and obtain damages on behalf of himself and the Class.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF NEW YORK CITY RULE TITLE 6 SECTION 5-59

34.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

35.     Enacted by the New York City Council in 1969, the Consumer Protection Law (CPL), õforbids all deceptive or unconscionable trade practices in the sale, lease, rental or loan or in the offering... of any consumer goods or services.ö

8

36.     Title 6 Section 5-59 of the CPL provides: "Restaurant Surcharges. A seller serving food or beverages for consumption may not add a surcharge to a listed price. ie. If they want to raise prices they must change the individual prices on the menu, not just add a surcharge."

37.     There is an exception under the CPL for parties of 8 or more, allowing establishments to bill an automated service charge in such cases, which is capped by law at 15%.

38.     Defendants violated this law by charging automatic gratuities to parties of less than 8, and for charging parties of 8 or more than 15%.

39.     Plaintiff and the Class have been damaged in the amount of automated gratuities charged.

40.     Plaintiff and the Class have been further damaged by receiving inferior services and goods as a result of Defendants' removal of optional tipping, which enhances the quality of services and goods by providing a monetary incentive.

41.     Additionally, Plaintiff and the Class have been further damaged in such cases where they were tricked into giving a 15% - 20% tip after a 15% - 20% gratuity was automatically added, resulting in a double recovery for Defendants.

42.     Wherefore, Plaintiff and the Class request damages in the amount of illegal automatic gratuities paid to Defendants, plus damages for inferior services received, plus damages for double-tipping, together with interest, attorney's fees, and the costs of this action.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF NEW YORK BUSINESS LAW SECTION 349

43.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

44.     Defendants' acts of charging automatic illegal gratuities constitute a deceptive and unfair trade practice under New York General Business Law Section 349: "Deceptive acts or practices

in the conduct of any business, trade or commerce or in the furnishing of any service in the state are hereby declared unlawful.ö

45.     Defendants have violated this law by charging automatic gratuities to on-premises consumers of food and beverages with parties of less than 8 and automatic gratuities of greater than 15% for parties of 8 or more.

46.     An automated gratuity in the five boroughs of New York City is an unlawful charge that constitutes a deceptive and unfair trade practice.

47.     The General Business Law provides for minimum statutory damages of $50.00 per violation or the amount of damages, whichever is greater, plus attorney's fees and treble damages in the event Defendant's conduct was knowing and intentional.

48.     Wherefore, Plaintiff and the Class request damages in the amount of automatic gratuities paid, plus interest, attorney's fees, treble and/or punitive damages, and the costs of this action.

### THIRD CAUSE OF ACTION

### ADDITIONAL VIOLATIONS OF NEW YORK BUSINESS LAW SECTION 349

49.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

50.     Defendants' billing practices are deceptive and unfair in that they include a õgratuityö and a õtipö which are synonyms, but presented to consumers for the purpose of invoking an accidental double-tip.

51.     These kinds of billing practices constitute violations of New York General Business Law Section 349: õDeceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the state are hereby declared unlawful.ö

52.     The General Business Law provides for minimum statutory damages of $50.00 per

10

violation or the amount of damages, whichever is greater, plus attorney's fees and treble damages in the event Defendant's conduct was knowing and intentional.

53.     Wherefore, Plaintiff and the Class request damages in the amount of double-tips paid, plus interest, attorney's fees, treble and/or punitive damages, and the costs of this action.

## FOURTH CAUSE OF ACTION

## NEGLIGENCE

54.     Plaintiff incorporates by reference and re-alleges each and every count as set forth above as though fully set forth herein.

55.     Defendants, as owners and proprietors of restaurants, owe a duty of reasonable care to patrons who consume food and beverages on site.

56.     Under New York common law, the duty of care owed by a commercial establishment to patrons is greater than the typical duty owed by a person or entity to another based upon the nature of the relationship between the parties.

57.     Defendants have failed to use reasonable care in their billing practices, by adding automatic gratuities to bills of their patrons in violation of New York law and by using deceptive practices to induce double-tips.

58.     Defendants breached their duties owed to Plaintiff and the Class as a result of these deceptive billing practices.

59.     Plaintiff and the Class have not only suffered damages in the amount of automatic gratuities paid, Plaintiff and the Class have also received inferior service and products from the Defendant because the element of option gratuities was unilaterally removed from the transaction.

60.     Since Defendants charged Plaintiff and the Class automatic gratuities, there was no need

for Defendants to excel because their compensation was not affected.

61.    Therefore, as a result of Defendants business practices, Plaintiff and the Class received inferior services and products at higher prices.

62.    Wherefore, Plaintiff and the Class request damages in the amount of automated gratuities paid for parties of 7 or less, automated gratuities paid for parties of 8 or more in excess of 15%, double-tips accidentally paid by patrons, plus interest, attorney's fees, and the costs of this action.

### FIFTH CAUSE OF ACTION

### UNJUST ENRICHMENT

63.    Plaintiff incorporates by reference and re-alleges each and every count as set forth above as though fully set forth herein.

64.    Under New York common law, to state a claim for Unjust Enrichment, a Plaintiff must prove that: (1) Defendant was enriched; (2) the enrichment was at Plaintiff's expense; and (3) the circumstances were such that equity and good conscience require Defendant to make restitution.

65.    Defendants' acts of charging Plaintiff and the Class automated gratuities for parties of 7 or less or more than 15% for parties of 8 or more, or at bars and in nightclubs in any amount without notice, constitute Unjust Enrichment to Defendants in the amount of automatic gratuities paid and unintentional double-tips paid.

66.    Defendants have been enriched in an amount estimated to be millions of dollars, enrichment was at the expense of Plaintiff and the Class, and equity requires that Plaintiff be compensated in the amount of illegal automatic gratuities charged and unintentional tips paid.

67.    Wherefore, Plaintiff and the Class request restitution in the amount of automatic gratuities and unintentional double-tips paid, together with interest, attorney's fees, and the costs of this action.

## SIXTH CAUSE OF ACTION

## BREACH OF CONTRACT

68.     Plaintiff incorporates by reference and re-alleges each and every count as set forth above as though fully set forth herein.

69.     By virtue of the commercial nature of the transactions that have occurred between Plaintiff and the Class and Defendants, a contractual relationship arose between the parties.

70.     Such contracts include but are not limited to the menus, checks, credit card slips, and all other documentation associated with typical transactions between Plaintiff, the Class and Defendants.

71.     According to the covenant of good faith and fair dealing in contracts, it is a breach of the contract to violate the rights of others for the purpose of receiving the benefit of the agreement.

72.     Upon paying a check at a restaurant, a reasonable consumer will not investigate the legal propriety of a gratuity policy; patrons will presume that the restaurant is acting lawfully and pay what is requested.

73.     Therefore, the act of exploiting customers by charging an illegal gratuity constitutes a breach of duty on the part of Defendants, and a Breach of Contract.

74.     Wherefore, Plaintiff and the Class requests contractual damages in the amount of automatic gratuities paid, recovery of double-tips accidentally paid, plus attorney's fees and the costs of this action.

## SEVENTH CAUSE OF ACTION

## FRAUD

75.     Plaintiff incorporates by reference and re-alleges each and every count as set forth above as though fully set forth herein.

13

76.     Defendants are and have been aware that their illegal billing practices are in violation of New York law.

77.     Defendants have received actual notice of their wrongful practices by way of their attorneys, the New York City Department of Consumer Affairs, and or another individual or entity.

78.     Defendants have received actual notice of their wrongful practices every individual time a person accidentally leaves a double-tip.

79.     Defendants conduct these practices to exploit their customers and to avoid paying their staff a reasonable wage.

80.     Defendants have provided inferior services and products over the past six years at higher prices to the detriment of Plaintiff and the Class.

81.     Wherefore, Plaintiff and the Class requests damages in the amount of automatic gratuities paid, recovery of double-tips accidentally paid, plus punitive damages in the amount of $1 million per Defendant, plus attorney's fees and the costs of this action.

## EIGTH CAUSE OF ACTION

## ANTITRUST VIOLATIONS – DONNELLY ACT

82.     Plaintiff incorporates by reference and re-alleges each and every count as set forth above as though fully set forth herein.

83.     New York law provides that restaurants in New York City may only require an automatic gratuity of 15% for parties of 8 or more.

84.     Defendants have jointly conspired to raise prices by charging automatic gratuities to parties of less than 8, and to parties in an amount in excess of 15%.

85.     Defendants have violated New York Business Law Article 22, Section 340 ó 347 (the

14

Donnelly Act) by engaging in price fixing by jointly raising prices from 15% - 20% in violation of New York law.

86.     Section 340 states that, "Contract or agreements for monopoly or in restraint of trade illegal and void."

87.     Section 340.5 states that "an action to recover damages" may be brought within four years by, "any person who shall sustain damages by reason of any violation of this section."

88.     Every person or corporation who engages in such conduct is guilty of a Class E Felony. Individuals are subject to fines up to $100,000 and corporations are subject to fines up to $1,000,000.

89.     Wherefore, Plaintiff and the Class request damages in the amount of automatic gratuities paid for the past four years, plus treble damages, plus attorneys' fees and the costs of this action.

## PRAYER FOR RELIEF

90.     Wherefore Plaintiff prays for judgment and relief as follows:

A. Declaring that this lawsuit is properly maintainable as a class action and certifying Plaintiff as representative of the Class;

B. Declaring that Defendants' acts of charging automatic gratuities to parties under 8 and automatic gratuities in excess of 15% to parties of 8 or more violates Title 6 of the New York City Rules Section 5-59.

C. Declaring that Defendants' acts of charging automatic gratuities to parties under 8 and automatic gratuities in excess of 15% to parties of 8 or more are an unfair and deceptive practice under New York Consumer Law Section 349.

D. Declaring that Defendants' acts of charging automatic gratuities to parties under 8 and automatic gratuities in excess of 15% to parties of 8 or more constitutes Negligence, Breach of

Contract, Unjust Enrichment, Fraud, and violates the Donnelly Act.

E. Ordering equitable relief requiring Defendant to cease their illegal automatic gratuity charges to Plaintiff and the Class.

F. Awarding compensatory and punitive damages against Defendants in an amount to be determined at trial, together with prejudgment interest at the maximum rate allowable by law;

G. Granting Plaintiff and the Class their costs and disbursements and reasonable allowances for Plaintiff's counsel and experts' fees and expenses; and

H. Granting such other and further relief as may be just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff and the Class demand a trial by jury of all issues so triable.

Dated: June 27, 2013                    Respectfully Submitted by: Evan Spencer (electronic signature)

Evan Spencer Attorney at Law

305 Broadway, 14th Floor

New York, NY   10007

Tel. 347.931.1814

EvanSpencerEsq@aol.com

16