**VENABLE**® LLP

ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS   TWENTY-FIFTH FLOOR
NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

August 13, 2013

**VIA E-MAIL**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/20/2013

Edmund M. O'Toole

T 212.953.3388
F 212.307.5598
emotoole@venable.com

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:   *Ted Dimond v. Darden Restaurants, Inc., et al.*, 1:13-cv-5244 (KPF)

Dear Judge Failla:

We represent Defendant Marriott International, Inc. ("Marriott") in the above-referenced action, and write pursuant to Sections 3.A and 4.D of the Court's Individual Rules of Practice in Civil Cases to outline an additional basis for the exercise of federal jurisdiction over this matter under 28 U.S.C. § 1332 and to request a pre-motion conference on Marriott's anticipated motion to dismiss the Amended Complaint. This letter is submitted within 30 days of Marriott's receipt of the Amended Complaint.

**Diversity of Citizenship Exists to Give Rise to Federal Jurisdiction Over this Case**

As the Court is aware, by Notice of Removal filed July 26, 2013, Defendant DineEquity, Inc. ("DineEquity") removed the action to this Court under, among other provisions, the Class Action Fairness Act ("CAFA"). *See* Docket Entry No. 1. Although not required under CAFA, Marriott joins in so much of DineEquity's Notice as relies on CAFA as a basis for federal jurisdiction. As described below, we believe that a separate and independent basis for removal – the doctrine of fraudulent misjoinder – supports this Court's exercise of diversity jurisdiction over Marriott.

For purposes of assessing diversity jurisdiction, Marriott is a citizen of the State of Delaware (state of incorporation) and the State of Maryland (principal place of business). *See* 28 U.S.C. § 1332(c)(1). The Amended Complaint suggests that Plaintiff is a citizen of the State of New York. *See* Am. Compl. ¶ 35.[1] Finally, the amount-in-controversy requirement for diversity jurisdiction is satisfied. *See* 28 U.S.C. § 1332(a). The Amended Complaint alleges that "Plaintiff and the Class have suffered actual damages in excess of $500 million of [sic] dollars,"

---

[1] Plaintiff's Amended Complaint contains multiple paragraphs labeled Paragraphs 24 through 44. Here, Marriott refers to the Paragraph 35 on page 8 of the Amended Complaint. The Amended Complaint does not allege the citizenship of any party (including Plaintiff), and does not allege an address for Defendant Darden Restaurants, Inc.

VENABLE® LLP

The Honorable Katherine Polk Failla
August 13, 2013
Page 2

and that the class "seeks to recover statutory damages, compensatory damages in the amount of $500 million, [and] punitive damages in the amount of $5 billion." Am. Compl. ¶ 31; *see also id.* at ¶¶ 30, 42, 53, 75, 90, 91, 110, 129, Prayer for Relief.[2] Therefore, this Court has diversity jurisdiction over the case as it relates to Marriott.

**Plaintiff Has Fraudulently Misjoined Unrelated Defendants in the Same Action**

Pursuant to Federal Rule 20(a)(2), multiple defendants may properly be joined in the same action only if any claim "asserted against them jointly, severally, or in in the alternative" arises out of or concerns "the same transaction, occurrence, or series of transactions or occurrences . . . ." Thus, fraudulent misjoinder exists where "[i]ndividual circumstances, actions, and omissions" are involved in causing a plaintiff's alleged injury, and the purported injury does not emanate "from an identical source." *Greene v. Wyeth*, 344 F. Supp. 2d 674, 683-84 (D. Nev. 2004). *See also, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) ("a mere allegation of a common business practice" cannot form the basis for joinder of unrelated defendants) (internal quotation marks omitted), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Where, as here, a plaintiff has fraudulently misjoined defendants, "other interests prevail over that of permitting a plaintiff's choice of forum." *Greene*, 344 F. Supp. at 685.

The Amended Complaint does not allege that defendants' purported conduct arose out of the same series of transactions and occurrences. The Amended Complaint's generalized and threadbare conclusions, unsupported by fact-based allegations concerning specific Defendants, do not begin to logically bind the otherwise completely unrelated Defendants together for purposes of joinder. *See* Am. Compl. ¶ 31 (alleging that Plaintiff was injured "on at least one occasion by *numerous Defendants*"); ¶ 16 (claiming that "*most of the Defendants* charge illegal automatic gratuities,"); ¶ 20 (asserting that "*numerous* other named and Doe Defendants" request additional tips); ¶ 22 (maintaining that allegedly deceptive practices occur "at *some if not all of the Defendants' restaurants*") (emphases added).[3]

Nor is this fundamental shortcoming cured through the inclusion of a baseless Donnelly Act claim. *See, e.g., Kahn v. iBiquity Digital Corp.*, No. 06-CV-1536 (NRB), 2006 WL 3592366, at *5 (S.D.N.Y. Dec. 7, 2006) (dismissing antitrust claim because plaintiffs had not "offered specific acts of conspiracy connected to any specific defendant" in the complaint); *see*

---

[2] Here, Marriott refers to the Paragraphs 30 and 31 on page 7, and to all other Paragraphs on pages 13 to 25, of the Amended Complaint. *See* footnote 1 *supra*.

[3] Marriott refers to the Paragraphs 16, 20 and 22 on pages 5 to 6 of the Amended Complaint, and the Paragraph 31 on page 12 of the Amended Complaint. *See* footnote 1 *supra*.

# VENABLE®LLP

The Honorable Katherine Polk Failla
August 13, 2013
Page 3

also *Yankees Entm't & Sports Network, LLC v. Cablevision Sys. Corp.*, 224 F. Supp. 2d 657, 678 (S.D.N.Y. 2002) (to sustain a claim of a Donnelly Act violation, a plaintiff must: "(1) identify the relevant product market; (2) describe the nature and effects of the purported conspiracy; (3) allege how the economic impact of that conspiracy is to restrain trade in the market in question; and (4) show a conspiracy or reciprocal relationship between two or more entities."). Accordingly, the Donnelly Act claim – which improperly purports to imply an otherwise un-alleged conspiracy involving thousands of New York City restaurants – cannot be used to circumvent the non-resident defendants' express statutory right to remove the Amended Complaint against them. Because the Amended Complaint joins unrelated defendant restaurants that are strangers to one another, they have been fraudulently misjoined under Rule 20.

### The Court May Sever the Unrelated Defendants and Remand the Non-diverse Defendants

The Court may remedy Plaintiff's procedurally defective Amended Complaint pursuant to Federal Rule 21, which provides: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Here, Marriott respectfully requests that the Court sever all of the unrelated defendant entities from each other, maintain its diversity jurisdiction over the non-New York defendant entities, and remand the actions against those defendants that are New York citizens.

The allegations in the Amended Complaint suggest that at least eight of the remaining twelve named Defendants in this action are citizens of States other than New York, and thus are completely diverse from Plaintiff. Am. Compl. ¶ 37.[4] And based on the operative pleading, only three defendants *might* be citizens of New York: Per Se, Masa and the Tao Group. *Id.* As these possible New York entities are included in the Amended Complaint against Marriott solely due to Plaintiff's fraudulent misjoinder of all of the separate defendants, they can be severed and remanded to state court without implicating this Court's jurisdiction over the other diverse defendants, including Marriott. *See, e.g., In re Propecia (Finasteride) Prod. Liab. Litig.*, No. 12-CV-2049 (JG)(VVP), 2013 WL 3729570, at *10 (E.D.N.Y. May 17, 2013) ("The fraudulent misjoinder doctrine should be applied here to sever and remand to state court the claims of the non-diverse plaintiffs and to retain jurisdiction over the rest.").

### Marriott's Anticipated Motion to Dismiss

Marriott anticipates filing a motion to dismiss the Amended Complaint under Federal Rule 12(b)(6), to which Plaintiff has not consented. To begin, the Amended Complaint mentions

---

[4] Here, Marriott refers to the Paragraph 37 on pages 8 to 9 of the Amended Complaint. *See* footnote 1 *supra*.

# VENABLE® LLP

The Honorable Katherine Polk Failla
August 13, 2013
Page 4

Marriott twice: once in the case caption and once in a paragraph identifying the parties to the case. There is absolutely no factual content, let alone plausible allegations, that would allow the Court to draw a reasonable inference that Marriott could be liable for any of the alleged misconduct. Moreover, Plaintiff lacks standing to assert claims under the New York City Code and Rules—the lynchpin claims (Counts I & II of the Amended Complaint) underpinning the entire pleading. *See, e.g., Galerie Furstenberg v. Coffaro*, 697 F. Supp. 1282, 1292 (S.D.N.Y. 1988) (dismissing false advertising claim to the extent it was premised on Section 20-700 of the New York City Administrative Code, because "only the Commissioner of Consumer Affairs . . . is empowered to enforce [that provision]"); 6 R.C.N.Y. 6-21 (stating that proceedings under the Rules of the City of New York shall be commenced "by the Department [of Consumer Affairs] on its own and/or on behalf of a complainant"). And, as with the aforementioned Donnelly Act claim, beyond the unmitigated failure to allege any substantive facts about Marriott, the balance of the purported causes of action lack fundamental elements of well-pled claims and should be dismissed in their entirety.

*         *         *

We thank the Court for its consideration of the foregoing, request that the Court direct Marriott to file its own papers supporting its independent basis for removal if that is the Court's desired course, and ask that the Court schedule, at its earliest convenience, a pre-motion conference concerning Marriott's anticipated motion to dismiss the Amended Complaint.

Respectfully submitted,

Edmund M. O'Toole

cc:   Counsel of Record (via e-mail)